IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ADAM HILL                                                                                                    PLAINTIFF

v.                                              Civil No. 6:21-cv-6029

DEXTER PAYNE, *et. al.*                                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed October 27, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 69). Plaintiff is incarcerated in the Arkansas Division of Correction ("ADC"). Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he suffered various constitutional violations while housed in ADC's Ouachita River Correctional Unit. (ECF No. 31). Plaintiff has filed three separate motions for a Temporary Restraining Order and Preliminary Injunction ("motions") seeking various forms of relief in this case. (ECF Nos. 29, 38, 61).

Judge Bryant recommends that Plaintiff's first and third motions (ECF Nos. 29, 61) be denied because they seek relief based upon actions unrelated to the allegations in Plaintiff's Complaint. Judge Bryant also recommends that the first and third motions be denied because they seek relief from ADC facilities located outside the Court's jurisdiction.[1] Finally, Judge Bryant also recommends that Plaintiff's second motion be denied because Plaintiff has failed to prove certain elements necessary to obtain a preliminary injunction, including: a likelihood of success on the merits, irreparable harm, or that an injunction is in the interest of the public. *See Sanborn Mfg. Co., v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993) ("In

---

[1] Specifically, Plaintiff's first and third motions seek injunctive relief from ADC's Tucker Unit located in the Eastern District of Arkansas.

deciding a motion for preliminary injunction, the court should consider (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest.").

Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 75). Plaintiff's objections fail to address Judge Bryant's findings that Plaintiff's first and third motions seek injunctive relief for actions unrelated to the Complaint or from entities outside the Court's jurisdiction. Plaintiff's objections also fail to engage with the elements necessary to obtain a preliminary injunction. Instead, Plaintiff's objections contain conclusory assertions that Plaintiff has suffered a violation of his constitutional rights generally. Plaintiff fails to argue that he is likely to succeed on his constitutional claims and does not address how or why his alleged injuries are indeed irreparable. Accordingly, Plaintiff's objections are insufficient to trigger *de novo* review.

Based on the forgoing, the Court agrees with the Report and Recommendation in that Plaintiff has failed to demonstrate that he is entitled to injunctive relief on any of his three Motions for Preliminary Injunction. Therefore, and otherwise finding no clear error on the face of the record, the Court adopts the Report and Recommendation (ECF No. 69) *in toto*. Plaintiff's first three Motions for Preliminary Injunction (ECF Nos. 29, 38, 61) are hereby **DENIED**.

**IT IS SO ORDERED**, this 4th day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge