IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ADAM HILL                                                                                          PLAINTIFF

v.                                   Civil No. 6:21-CV-06029-SOH-BAB

DEXTER PAYNE (Director, ADC),                                                          DEFENDANTS
ROYRY GRIFFIN (Deputy Director, ADC),
DEANGLO EARL (Warden, ADC Ouachita
River Unit "ORCU"),
MRS. HOSMAN (CO,ORCU),
TALIAFERRO (Dentist, ORCU),
SOLOMAN GRAVES (Secretary, ADC),
MONROE (Nurse, ORCU),
CULCLAGER (Assistant Warden, ORCU),
COLEMAN (Major, ORCU),
WELLPATH MEDICAL CORPORATION,
BOB ANDERSON (Oral Surgeon),
KINNU (Nurse, ORCU),
SETTLES (Sergeant, ORCU),
JAILER SCOTT (Sergeant, ORCU),
AGULAR (Corporal, ORCU),
DEPUTY PITTS (Officer, ORCU),
CORPORAL MCDONALD (Dentist,
ORCU),
GILLETTE (Ex-Corporal, ORCU),
VOSS (Lieutenant, ORCU),
DEPUTY BALL (Assistant Warden, ORCU),
WARNER (Major, ORCU),
SEELEY (Lieutenant, ORCU),
DALE REED (Chief Deputy Director, ADC),
JAMES BASSHAM,
TOMYKA ROGERS

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District

1

Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is a Motion to Reconsider IFP Status and Dismiss by Defendants Ball, Coleman, Culclager, Earl, Graves, Griffin, Hosman, Payne, Pitts, Reed, Settle, and Voss, the Arkansas Division of Correction ("ADC") Defendants. (ECF No. 155). Plaintiff filed his Original Complaint for this case in the Eastern District of Arkansas on February 2, 2021. (ECF No. 2). Because Plaintiff's Complaint centered on facts occurring at the ADC Ouachita River Unit, the case was transferred to this District on March 17, 2021. (ECF No. 12).

In their Motion, the ADC Defendants ask the Court to reconsider its grant of *in forma pauperis* ("IFP") status and dismiss Plaintiff's case as frivolous. (ECF No. 155). As grounds for this motion, the ADC Defendants state Plaintiff filed a second lawsuit in the Eastern District two weeks after filing this case, *Hill v. Page*, 3:21-cv-00046-BRW. (*Id*. at 2). Defendants indicate that this second case alleges "ADC Defendants violated his Eighth Amendment rights during Covid by failing to train and enforce Covid precautions such as inconsistent mask-wearing, limiting inmate movement, and insufficiently frequent sanitation, resulting in him testing positive for Covid." (*Id*.). They note that Plaintiff's claims in this case consist of Defendants' "failure to protect him from contracting Covid-19, retaliation for filing Covid precaution-related grievances, and a vague claim about removal from the PAL program." (*Id*.). They argue that Plaintiff's claims in this case are the "same legal theory and fact pattern" as *Hill v. Page*. They further note *Hill v. Page* was recently dismissed as frivolous and dismissed based upon the ADC Defendants' qualified immunity defense. (*Id*.). Accordingly, they ask that this Court dismiss this case on the same grounds in order to preserve judicial resources. (*Id*. at 3).

Plaintiff filed his Response in Opposition to this Motion on July 28, 2022. (ECF No. 161). Plaintiff argues this case is not the same as *Hill v. Page*. (ECF No. 161 at 2). He clarifies that *Hill v. Page* was dismissed because "the court decided Creasey's failure to wear a PPE mask and gloves was a[n] isolated incident." (*Id*. at 1). He further argues that his claims here relate to the Ouachita River Unit, and include retaliation as well as failure to protect. (*Id*. at 2). The Court notes that "Creasey" is not a named Defendant in this case.

The ADC Defendants did not file a Reply to Plaintiff's Response, and no brief or exhibits were filed to support their Motion to Reconsider IFP Status and Dismiss. A brief review of *Hill v. Page* indicates Plaintiff's claims there centered on the ADC Grimes Unit and named staff at that Unit, as well as some of the higher-echelon ADC staff also named in this case. To the extent the Motion can be construed as a preclusion argument, Defendants have provided neither specific facts nor legal analysis as to how this case is "the same cause of action" as *Hill v. Page*. *See*, *U.S. v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) ("Whether the present action is the 'same cause of action' as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'"). While this may well be a valid argument for this case, the Court cannot rely on broad conclusory assertions alone, and will not sift through the record in two cases in two Districts to find factual support for the ADC Defendants' Motion. Defendants should be allowed to refile this motion, provided they support any new motion with specific facts and legal analysis to support their claims.

## I. CONCLUSION

Accordingly, it is recommended that the ADC Defendants' Motion to Reconsider IFP Status and Dismiss (ECF No. 155) be **DENIED**, without prejudice to refiling.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of August 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE