IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ADAM HILL                                                          PLAINTIFF


v.                          Civil No. 6:21-CV-06029-SOH-BAB


DEXTER PAYNE (Director, ADC);                        DEFENDANTS
ROYRY GRIFFIN (Deputy Director, ADC);
DeANGELO EARL (Warden, ADC ORCU);
MRS. HOSMAN (CO, ADC ORCU);
TALIAFERRO (Dentist, ORCU);
SOLOMAN GRAVES (Secretary, ADC);
NURSE MONROE; CULCLAGER (Assistant
Warden); COLEMAN (Major, ADC ORCU);
WELLPATH MEDICAL CORPORATION;
BOB ANDERSON (Oral Surgeon); NURSE
KINNU;  SETTLES (Sergeant, ADC ORCU);
JAILER SCOTT[1] (Sergeant, ADC ORCU);
AGULAR (Corporal, ADC ORCU);
DEPUTY PITTS (Officer, ADC ORCU);
CORPORAL McDONALD (Dentist, ORCU);
GILLETTE[2] (Ex-Corporal, ADC ORCU);
VOSS (Lieutenant, ADC, ORCU);
DEPUTY BALL (Assistant Warden, ADC
ORCU); WARNER (Major, ADC ORCU);
SEELEY (Lieutenant, ADC ORCU);
DALE REED (Chief Deputy Director, ADC);
JAMES BASSHAM; and TOMYKA
ROGERS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


   This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District

---

[1] Defendant Scott is no longer employed by the Arkansas Division of Correction.  He proceeds *pro se*, and filed a
notarized letter docketed as an Answer on September 15, 2021.  (ECF No. 56).  He has not filed a motion for summary
judgment.
[2] Defendant Gillette is no longer employed with the Arkansas Division of Correction.  An Answer was originally filed
on his behalf, but the Attorney General's Office filed a Motion to Withdraw as Counsel on March 17, 2022.  (ECF
No. 48, 138).  This Motion was granted on March 18, 2022.  (ECF No. 140).  Defendant Gillette proceeds *pro se*, and
has not filed a summary judgment motion.

Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court are Summary Judgment Motions by Plaintiff (ECF No. 158), the Wellpath Defendants[3] (ECF No. 162), and the Arkansas Division of Correction ("ADC") Defendants.[4]  (ECF No. 165).  Also before the Court is a Motion to Dismiss for Lack of Jurisdiction due to Insufficient Service of Process by Defendant Pitts.[5]  (ECF No. 147).

## I.  BACKGROUND

Plaintiff filed his initial Complaint in the Eastern District of Arkansas on February 2, 2021.  (ECF No. 2).  It was transferred to this District on March 17, 2021.  (ECF No. 12).  Plaintiff filed his Third Amended Complaint ("Complaint") on May 14, 2021.  (ECF No. 31).  Plaintiff's Complaint centers on his incarceration in the Arkansas Division of Correction Ouachita River Correctional Unit.  For his first claim, Plaintiff alleges that on "different dates" Defendants did not follow the Center for Disease Control and Prevention ("CDC") guidance and precautions for COVID-19.  (*Id.* at 4).  This led to Plaintiff contracting COVID-19 on July 10, 2020.  (*Id.*).  He further alleges that "he faced severe retaliation for exercising [his] First Amendment rights." (*Id.*).  Plaintiff does not identify the retaliation in question.  Based on his second claim, the Court will infer that the retaliation was his transfer to another Unit.  Plaintiff names Defendants Payne, Straughn, Griffin, Earl, Ball, Hosman, Culclager, Kinnu, Settles, Scott, Wellpath Medical Corporation, Reed, Graves, Warner, Seeley, Gillette, Collins, Agular, Pitts, Voss, Hosman, and Coleman for this claim.  (*Id.* at 4).  He identifies these Defendants as being ADC Ouachita River

---

[3] Madison Taliaferro, Kelsey Monroe, Bob Anderson, Becky Kinnu, Susan McDonald, James Bassham, Tomyka Rogers and Wellpath, LLC.

[4] The ADC employees named on this Motion are Todd Ball, Jimmy Coleman, Maurice Culclager, DeAngelo Earl Graves, Solomon Graves, Rory Griffin, Jerilyn Hosman, Dexter Payne, Markesha Pitts, Marshall Dale Reed, Paula Settles, and Dillon Voss.  ADC employees Seeley, Warner, and Agular were not named.  Counsel filed a Notice of Appearance for Seeley and Warner on January 24, 2021.  (ECF No. 180).  They filed a Notice of Representation for Defendant Agular the same day.  (ECF No. 181).

[5] The ADC Defendants included Defendant Pitts in their summary judgment motion, but note that she does not concede her arguments concerning insufficient service of process in the event the case is not dismissed.  (ECF No. 165 at note 1).

Unit staff,  ADC upper-level administration staff, medical staff at the Ouachita River Unit, or Wellpath (the medical corporation which provides medical services to the ADC).  (*Id*. at 2-3, 7-11).

For his second claim, Plaintiff alleges that on November 9, 2020, he was taken out of his Christian "Pals" Program and transferred to another ADC unit.  Plaintiff alleges that this was done in retaliation for his filing grievances about the failure to follow CDC guidance and precautions at ORCU.  (*Id*. at 5).  Plaintiff names Defendant Ball, Earl, Culclager, Hosman, Payne, and Griffin for this claim.  (*Id*. at 5).  He identifies these Defendants as ADC ORCU staff or ADC upper-level administration staff.  (*Id*. at 2-3, 7-11).

For his third claim, Plaintiff alleges that on "different dates," Defendants denied me medical treatment, delayed me medical treatment, denied me mental health medical and medication out of retaliation over me filing grievances."  (ECF No. 31 at 12.)  Because Plaintiff identifies no medical condition other than the category of mental health, the Court interprets this claim to be a denial of mental health care for an unidentified mental health condition.  (*Id*. at 12).  Plaintiff names the Wellpath Medical Corporation, Doe Health Services Administrator and Director of Nursing, Monroe, Collins, Kinnu, McDonald, Anderson, Taliaferro, Griffin, Payne and Earl.  (*Id*.).  Plaintiff identifies these Defendants as Wellpath, medical staff at ORCU, or ADC upper-level administration staff.  (*Id*. at 2-3, 7-11).

Plaintiff filed a Motion for Summary Judgment against Defendant Gillette on July 21, 2022.  (ECF No. 158).  Plaintiff argues Defendant Gillette failed to follow CDC COVID mask mandates and, when Plaintiff filed grievances against him or that failure, he conducted a retaliatory cell search.[6]  (*Id*.).  Plaintiff references ADC grievances OR-20-00910, OR-20-01088, and OR-20-01106 in support of his motion, but provided no summary judgment record page cites to these

---

[6] The Court notes that there is no mention of a retaliatory cell search in Plaintiff's Complaint.

documents and failed to specifically designate what facts in his documents indicated there were no genuine issues of material fact.  (*Id*.).  Similarly, Plaintiff attached 110 pages of documents to the document labelled "Declaration in Support of Plaintiff's Motion for Summary Judgment against defendant Gillette,"[7] (ECF No. 160), but failed to provide any record page cites for any of these documents and failed to specifically designate material facts not in dispute in his "Declaration."[8]

The Wellpath Defendants filed their Motion to Dismiss for Lack of Jurisdiction due to Insufficient Service as to Defendant Pitts on May 4, 2022.  (ECF No. 147).

The Wellpath Defendants filed their Motion for Summary Judgment on August 22, 2022. (ECF No. 162).   Based on Plaintiff's medical history, the Wellpath Defendants interpreted Plaintiff's Complaint to allege claims against them concerning medical care for his gums as well as his mental health care, [9] failure of Defendants Kinnu and Monroe to adhere to CDC COVID-19 guidelines, and retaliation for him filing grievances.  (ECF No. 163 at 1).  They argue summary judgment is in their favor is appropriate because 1) his medical treatment for his gums and mental health was "appropriate, timely, and adequate;" 2) Defendants Kinnu and Monroe wore personal protective gear in accordance with Wellpath policy and CDC guidance at all times; and 3.) there is no evidence of retaliation by Wellpath Defendants in the summary judgment record.  (ECF No. 163).

The ADC Defendants filed their Motion for Summary Judgment on August 22, 2022.  (ECF No. 165).  They argue Summary Judgment in their favor is appropriate because: 1) Plaintiff filed a substantially similar lawsuit in the Eastern District Arkansas two weeks after he filed this case, *Hill v. Page*, 3:21-cv-00046-BRW, and the resolution of that case entitles Defendants to summary

---

[7] This document was filed in the docket as Plaintiff's Statement of Facts.
[8] The "Declaration" itself is two pages.
[9] Although this interpretation is broader than that initially determined by the Court, it will be used for the purposes of determining this Motion for Summary Judgment.

judgment based on *res judicata*;[10] 2) Plaintiff failed to exhaust his administrative remedies against Defendants Settle, Pitts, Voss, and Graves; 3) the ADC Defendants in their official capacity are protected from lawsuits for monetary damages by sovereign immunity; 4)  Plaintiff failed to provide any facts to support the elements of either his failure to protect or his retaliation claims, and these claims are therefore barred by qualified immunity; 5) Plaintiff cannot bring a claim under § 1983 based on the theory of *respondeat superior*; and 6) Plaintiff failed to state a claim for retaliatory transfer.  (*Id.*; ECF No. 167 at 18).  The ADC Defendants also asks the Court to assess a "strike" against Hill pursuant to 28 U.S.C. § 1915(g) based on the decision to do so in *Hill v. Page.*  (ECF No. 165 at 3).[11]

Plaintiff filed a Response and Brief in Support on August 31, 2022.  (ECF Nos. 172, 173). Plaintiff does not indicate in the title of the Response if it was filed in opposition to the summary judgment motion of the Wellpath Defendants or the ADC Defendants.  (ECF No. 172 at 1).  As this was the only Summary Judgment Response filed by Plaintiff, it was docketed as responding to both motions.  Closer review of his Response and Brief, however, indicates Plaintiff only makes arguments as to the Wellpath Defendants in each document.  The Court also notes that Plaintiff attached 107 pages of exhibits to his Brief, but failed to provide proper record page cites to any of them in either his Response or his Brief.  He does make a few  references to Exhibits which could be readily found in the docket, but failed to designate what, exactly, in those exhibits created a genuine issue of material fact.

---

[10] A claim is precluded under *res judicata* principles if: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.  *In re Anderberg–Lund Printing Co.,* 109 F.3d 1343, 1346 (8th Cir.1997).  The ADC Defendants have not addressed how the party or privity element is met when Plaintiff's claims in the two cases involved different ADC Units and different ADC staff at those units, with the exception of a few higher-echelon ADC staff such as Director Payne.  This argument will not be considered further.

[11] Given the unaddressed differences between the two cases, and the procedural issues in this case, the Court will not consider this argument.

Plaintiff's Summary Judgment Response is difficult to follow, as it is replete with broad and conclusory allegations. In his Summary Judgment Response, Plaintiff argues that Defendant Kinnu's response in grievance OR-20-00971 is inconsistent with her response in her interrogatory, but does not describe the inconsistency. He cites "Exhibit C and her Interrogatory, Exhibit E. (ECF No. 172 at 1-2). He further argues that Defendants McDonald, Anderson, Bassham, Monroe, Taliaferros, Kinnu and Collins "guessed at what I may have" concerning his gums," citing Exhibits A and F, but does not indicate any specific facts concerning those Exhibits.[12] (*Id*. at 2). He alleges Defendant McDonald told him she would put in a consult for an oral surgeon on May 1, 2020, but he did not get to see Defendant Anderson until June 16, 2022. (*Id*. at 3). He argues Defendant Anderson should have given him narcotic pain medication on one occasion, and did not do so in retaliation for Plaintiff filing an unidentified grievance. (*Id*. at 4). He states Defendant Taliaferro failed to enter some of Defendant Anderson's recommendations for mouthwash and a soft diet on an unspecified date for filing an unidentified grievance. (*Id*. at 5). He states Defendant Monroe denied him his mental health medication on May 31, 2020, for filing an unidentified grievance. (*Id*. at 5). He states Defendant Monroe refused to see him on a single sick call and references Exhibit C. (*Id*. at 6). He states Defendant Monroe gave him medication on September 2, 2020, while not wearing a mask or gloves, but then retaliated by sending him back to his cell to get his own mask when he showed up at the pill window without one on another occasion. (*Id*. at 6). He states Defendants Monroe, Kinnu, and Collins ignored CDC and ADC policy by failing to wear a mask, gown, and gloves. Plaintiff does not indicate the dates that these alleged incidents occurred. He cites Exhibit C. (*Id*. at 7). The Court notes that Defendant Collins was terminated as a Defendant in this case on April 5, 2021. Plaintiff alleges he was retaliated against by Wellpath

---

[12] Exhibit F appears to contain 39 pages of medical documentation. As Plaintiff did not identify what it was in these records that supported his argument, the Court will not sift through these documents and attempt to guess at which ones support his claims. *See*, *infra*., Section A in the Analysis.

staff, but does not identify the retaliatory acts or the dates of the alleged retaliation.  He references Exhibit C.  (*Id*. at 8).  He states the "suspicious timing and events will help" his claims of retaliation.  (*Id*. at 8).  He does not elaborate as to what timing and events.  Plaintiff provides no citation other than "medical records."  (*Id*.).

Exhibit C contains ADC grievance responses.[13]  In OR-20-00971, Plaintiff states that Defendant Kinnu broke his Keppra pill in half bare-handed during one pill call, rather than using a pill cutter.  Kinnu denied the allegation and the grievance was found to be without merit.  (ECF No. 173-3 at 1).  In OR-20-00554, Plaintiff grieved that he missed one dose of the medication Celexa[14] on May 31, 2020.  He did not name any staff for this issue.  The Health Service response indicated there had been a change in the administration of the medication from morning to evening, and this change caused an omission that evening.  The grievance was with merit.  (*Id*. at 3).  In OR-20-01070, Plaintiff stated that Defendant Monroe did not wear and gloves or mask when passing out pills on September 2, 2020.  Defendant Monroe denied the allegation and the grievance was found to be without merit.  (*Id*. at 4).  The Health Service response to OR-20-00686 found that Defendant Taliaferro, unit dentist, neglected to enter an order into eOMIS on June 16, 2020, but Plaintiff was seen twice the following day.  The grievance was found to be with merit due to the delayed entry.  (*Id*. at 6).  In OR-20-00906, Plaintiff stated Dr. Anderson failed to give him pain medication on one occasion before and after a gum biopsy.  He was informed that medical treatment with outside consults was not grievable.  (*Id*. at 7).  In OR-20-01081  Plaintiff stated that Defendant Monroe retaliated against him by making him return to his cell to get his COVID mask when he showed up at the pill window without it.  (*Id*. at 12).  He states she did this because he

---

[13] Plaintiff provides a copy of OR-20-00958, but it is not entirely clear what complaint he is grieving, as he states the ADC and Wellpath are not "resting" the entire inmate population.  (ECF No. 173-3 at 2).  The response seems to interpret it as a complaint about testing only those inmates displaying COVID symptoms.  (*Id*.).  Other grievances are unrelated to his either his arguments or the defendants in his summary judgment response and are not discussed.

[14] Celexa is an anti-depressant.  https://www.webmd.com/drugs/2/drug-8603/celexa-oral/details(last accessed Jan. 25, 2022).

filed a grievance against her 4 days earlier for not wearing a mask or gloves when she handed out medication. (*Id*.). The Health Services response stated she wore her mask and gloves, and his claims were unsubstantiated and without merit. (*Id*.).

Exhibit E contains Interrogatory answers. Defendant Kinnu stated that did not have a specific recollection of the August 14, 2020, pill call when she gave Plaintiff his Keppra, but "as a general matter followed all applicable policies and procedures." (ECF No. 173-5 at 6-7).

The ADC Defendants filed a Supplement to their Motion for Summary Judgment on January 23, 2023. (ECF No. 179). This contained Exhibit 4 for the ADC Defendants' Summary Judgment Motion, which was referenced but not submitted into the docket at the time the Motion was filed. (*Id*.). Counsel for the ADC Defendants filed a Notice of Appearance as to Seeley, Warner and Agular on January 24, 2023. (ECF No. 180, 181). A Motion to Substitute Attorney was also filed on January 24, 2023, and granted the following day. (ECF Nos. 183, 184).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."  *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

**A.**      **Plaintiff's Failure to Comply with the Federal and Local Rules of Civil Procedure**

Plaintiff was repeatedly advised during this case that he must comply with all substantive and procedural law, including the Federal and Local Rules of Civil Procedure.  (ECF Nos. 78, 79, 83, 89, 112, 116, 117, 120, 139).  Plaintiff's persistent abuse of judicial resources in this case also required the Court to limit any pleadings unless he was directed to do so by the Court, and to advise him that the Court could levy sanctions against him for that abuse, including dismissal of his case. (ECF Nos. 112, 120, 139).  Despite these numerous warnings, Plaintiff once again failed to comply with substantive and procedural law, including the Federal and Local Rules of Civil Procedure, when he filed his Summary Judgment Motion against Defendant Gillette, and his response to the pending Motions for Summary Judgment.

First, Plaintiff failed to provide proper page cites to the summary judgment record in his Summary Judgment Motion against Defendant Gillette, and his Summary Judgment Response documents, and failed to specifically designate what facts in his documents either created a genuine issue of material fact or demonstrated that there were none.  Instead, Plaintiff merely attached hundreds of pages of exhibits to his Motion and Summary Judgment Response.  He thereby failed to meet his burden under Federal Rule of Civil Procedure 56.  It has long been established in the Eighth Circuit that merely attaching exhibits to summary judgment documents, without

designating which specific facts therein created a genuine issue of material fact, does not meet the Rule 56 specificity requirement. *Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) ("Merely attaching six complete depositions to his response and inviting the district judge to read them in their entirety, without designating which specific facts contained therein created a genuine issue as to pretext or established a reasonable inference of retaliation, did not meet the Rule 56 specificity requirement."). As more colorfully stated by the Seventh Circuit, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel* 927 F.2d 955, 956 (7th Cir. 1991). The Court will not sift through Plaintiff's exhibits to find support for his factual contentions. *See, Crossley*, 355 F.3d at 1113-14 (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position). Accordingly, with the exception of the two exhibits referenced in his Summary Judgment Response and summarized in the Background section, any other information in Plaintiff's exhibits will not be considered by the Court for either Plaintiff's Motion for Summary Judgment or his Summary Judgment Response.

Second, Plaintiff failed to address the ADC Summary Judgment Motion in his Summary Judgment Response. Thus, all facts set forth in the ADC Defendants Summary Judgment are deemed admitted pursuant to Local Rule 56.1(c).

Third, Plaintiff failed to comply with Local Rules in what information he did submit as his Summary Judgment Response. Local Rule 56.1(a) requires any party moving for summary judgment to submit a separate statement of undisputed material facts. Both the Wellpath and the ADC Defendants have properly complied with the Rule. Local Rule 56.1(b) requires the non-moving party opposing the summary judgment motion to file a separate statement of disputed facts. Plaintiff did not. Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d

526, 528 (8th Cir. 1984).  These Local Rules are available to the public on the District's website.  *Pro se* inmates are also expressly advised of this requirement in the District's Prisoner Litigation Guide, which contains an example to help them understand the concept of using the same paragraph numbering as that used by the moving party in their own statement of disputed facts.  Plaintiff was mailed copies of this Guide, along with the court-approved  forms, in the process of amending his Complaint several times.

Due to Plaintiff's failure to comply, the Statements of Facts submitted by the Wellpath and ADC Defendants are deemed admitted pursuant to Local Rule 56.1(c).  In determining whether there are genuine disputes of material fact, however, the Court has also considered the allegations set forth in Plaintiff's verified Complaint.  A verified complaint is the equivalent of an affidavit for summary judgment purposes.  *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001).  "[A] complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint ...."  *Id*.  As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion.  *Id.*  The Court will, therefore, "piece[] together [Plaintiff's] version of the facts from the verified complaint . . . . "  *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016).

### B.    Plaintiff's Summary Judgment Motion Against Defendant Gillette

As discussed in Section A, Plaintiff failed to provide proper page cites to the summary judgment record and failed to specifically designate what facts in his documents indicated there were no genuine issues of material fact in his Motion for Summary Judgment Against Defendant Gillette.  (ECF No. 158).  Accordingly, Plaintiff failed to make a sufficient showing that no genuine

dispute as to any material fact existed and he is not entitled to judgment as a matter of law against Defendant Gillette.

### C.      Wellpath Defendants

Plaintiff's Complaint alleges claims against them concerning medical care for his gums as well as his mental health care, failure of Defendants Kinnu and Monroe to adhere to CDC COVID-19 guidelines regarding the wearing of masks and gloves, and denial or delay of care in retaliation against for him filing grievances.

### 1.      Denial and Delay of Medical Care

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions

does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw,* 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox,* 47 F.3d 966, 969 (8th Cir.

1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

Plaintiff's conclusory arguments that his medical care was denied or delayed are blatantly contradicted by the summary judgment record. The grievance responses he relies upon do not support his claim that medical care was denied or delayed, whether in retaliation or not. Nor does Plaintiff provide any verified medical evidence that prison officials ignored an acute or escalating situation, or that any alleged delays negatively affected his prognosis.

In contrast, the Wellpath Defendants have provided copious medical records as well as an affidavit from Dr. Shipley, a Board-Certified physician, concerning those records. Dr. Shipley sums up Plaintiff's medical care as follows:

> From January 4, 2020 through November 11, 2021, Mr. Hill was seen or had the opportunity to be seen on approximately fifty-four (54) occasions with Wellpath, its staff, and medical and/or dental specialists. Mr. Hill was seen regularly by the clinic nurses for routine complaints and medication refills, sometimes being seen twice to three times in one week. He received treatment from dentists, oral surgeons, a dermatologist and an ENT.

(ECF No. 164-1 at 2). She notes the Plaintiff had biopsies, diagnostic examinations, testing for various types of diseases, and two mental health assessments. (*Id*. at 2). She further noted Plaintiff received KN95 masks, was monitored and treated for COVID, and was seen several times for follow-up after he contracted COVID-19. (*Id*. at 2). He received numerous COVID screenings, and received a COVID vaccination. He refused a COVID booster vaccination. (*Id*. at 3). She opined that the medical care provided to Plaintiff was "appropriate, adequate, and timely." (*Id*.).

The Court has reviewed the medical records provided by the Wellpath Defendants and they show that Plaintiff has received very frequent and comprehensive care by a wide variety of medical and dental staff, including outside consultation with specialists. Based on this summary judgment record, the Court concludes the care Plaintiff received was constitutionally sufficient. Courts "hesitate to find an [E]ighth [A]mendment violation when a prison inmate has received medical

14

care." *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990). *See also, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Eighth Amendment does not require that prisoners receive "unqualified access to health care"); *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991) (it is not constitutionally required that care be "perfect, the best obtainable, or even very good") (citation omitted); *Schaub v. VonWald*, 638 F.3d 905, 935 (8th Cir. 2011) (Beam, J., dissenting) ("inmates are only entitled to adequate medical care, not the best care possible") (internal quotation marks and citation omitted).

While Plaintiff apparently disagrees with the quality of care provided, such disagreement does not state a constitutional violation. The Eighth Circuit has "repeatedly held that a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail to rise to the level of a constitutional violation." *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (prisoner's disagreements on location of rehabilitation for burn injuries, amounts of pain medication, and frequency of bandage changes failed to state deliberate indifference); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989) (prisoner's disagreement about treatment for mental deficiency, surgery for hernia, hearing deficiency, and nutritional deficiency found insufficient); *Lair v. Ogelsby*, 859 F.2d 605, 606 (8th Cir. 1988) (mere disagreement about which medication should have been prescribed does not constitute an Eighth Amendment violation); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) (prisoner's disagreement about treatment of pain in his lower back and arm did not constitute an Eighth Amendment violation).

### 2.    Conditions of Confinement

Plaintiff also alleges Defendants Kinnu and Monroe subjected him to unconditional conditions of confinement by not properly wearing a mask or gloves to prevent the spread of COVID-19. "[W]hen the State takes a person into its custody and holds him there against his will,

the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998) (citation omitted).  The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).  "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir.1996).  Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities.  Prison conditions claims include threats to an inmate's health and safety.  *Irving v. Dormire,* 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm.  *Farmer v. Brennan,* 511 U.S. 825 (1994).  "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.' ." *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994) (*quoting, Wilson v. Seiter* 501 U.S. 29, (1991)).

This standard involves both an objective and subjective component.  The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer,* 511 U.S. at 834, (1970) (citations omitted); *see also Hudson v. McMillian,* 503 U.S. 1 (1992)  (The objective component is "contextual and responsive to contemporary standards of decency.") (quotation omitted).  To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (citations omitted); *see also Brown v. Nix,* 33 F.3d 951, 954–55 (8th Cir. 1994).  The

Eighth Circuit has "repeatedly held mere negligence or inadvertence does not rise to the level of deliberate indifference." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Based on the grievances in Plaintiff's Exhibit C, and his arguments in his Summary Judgment Response, Plaintiff has failed to state a conditions of confinement claim against Defendants Kinnu and Monroe.  Taking his allegations as true, Plaintiff alleges that each of these Defendants — on one occasion each — did not wear and mask and gloves while giving him medication.  As Judge Volpe noted in Plaintiff's related Eastern District case, allegations such as these, at most, suggest negligence, which is not sufficient to sustain a deliberate indifference claim. *Hill v. Page*, Case No. 321CV00046BRWJJV, 2021 WL 2677359, at *1 (E.D. Ark. June 8, 2021), *report and recommendation adopted*, Case No. 321CV00046BRWJJV, 2021 WL 2666851 (E.D. Ark. June 29, 2021), *aff'd*, 21-2782,  Case No. 2021 WL 6808426 (8th Cir. Dec. 23, 2021) (collecting cases holding that inconsistent use of masks and other COVID prevention actions on a few occasions were mere negligence.)).

### 3.    Retaliation

Plaintiff alleges the Wellpath Defendants denied or delayed medical care in retaliation against for him filing grievances.  To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity*." Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Because nearly every otherwise routine administrative decision may potentially be viewed as a retaliatory act, it has been recognized that "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson,* 89

F.3d 75, 79 (2d Cir.1996).  Further, the courts have recognized that prison officials must have broad administrative authority.  *Graham,* 89 F.3d at 79.  For this reason, it has been said that "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker,* 239 F.3d 489, 491 (2d Cir.2001) (not every response to a prisoner's exercise of a constitutional right is actionable).  *See also Turner v. Mull,* 784 F.3d 485 (8th Cir. 2015) (mere timing of events alone does not establish the requisite causal link); *Atkinson v. Bohn,* 91 F.3d 1127, 1129 (8th Cir.1996)(per curiam) (Speculative and conclusory allegations cannot support a retaliation claim).

Defendants agree that Plaintiff filed grievances concerning his medical care, but argue Plaintiff has provided no summary judgment evidence that any adverse action occurred, or that even if it had, it was motivated by Plaintiff's protected activity.  The Court agrees.  Plaintiff argues that "suspicious timing and events will help" his claims of retaliation, but provides no detail as to what timing and events.  Nor does he provide any summary judgment evidence of any adverse action, or, as discussed above, any denial or delay of any medical care whatsoever.  Plaintiff may not rely on speculative and conclusory allegations to support his retaliation claim.

### D.    ADC Defendants Named in the ADC Motion for Summary Judgment

The ADC Defendants' Motion for Summary Judgment was submitted to the Court on behalf of Todd Ball, Jimmy Coleman, Maurice Culclager, DeAngelo Earl, Solomon Graves, Rory Griffin, Jerilyn Hosman, Dexter Payne, Markesha Pitts, Marshall Dale Reed, Paula Settle, and Dillon Voss (in their official and individual capacities).  (ECF No. 167 at 1).[15]

---

[15] The Motion also listed Defendant Gillette, but Defendants' counsel had sought and received permission to withdraw from representation of this former ADC employee earlier in the case.  Nor are any of Plaintiff's claims against Gillette referenced in the ADC Defendants motions documents.  (ECF No. 165 at 1).  Additionally, Defendant Agular has been listed on the docket as represented by the Attorney General's Office for the entire pendency of the case, but was not named on this Motion.  (*Id.* ).

As noted in the Background and Analysis Section A of this Report and Recommendation, Plaintiff failed to submit a Summary Judgment Response for the ADC Defendants Motion and failed to submit a separate Statement of Disputed Fact.   Thus, all facts set forth in the ADC Defendants Summary Judgment papers are deemed admitted pursuant to Local Rule 56.1(c).   Nor does Plaintiff's verified Complaint provide any disputed material facts to controvert the ADC Motion, as Plaintiff made very few specific factual allegations in his verified Complaint, instead largely relying on broad conclusory statements.[16]   Nothing in this verified Complaint is sufficient to meet Plaintiff's burden as the non-moving party.   Thus, the named ADC Defendants are entitled to summary judgment in their favor as a matter of law.   *See*, *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986) ("A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment.").

### E.    ADC Defendants Not Named in the Motion for Summary Judgment and *Pro Se* Defendants

The ADC Defendants did not name Defendants Seeley, Warner, and Agular, ADC employees, in their Motion for Summary Judgment.   This appears to have been an inadvertent omission, and counsel filed a Notice of Appearance on their behalf on January 24, 2023.   (ECF Nos. 180, 181).   To date, no motion to amend the Summary Judgment Motion on their behalf has been received by the Court.   Defendants Gillette and Scott proceed in this case *pro se*, and have not submitted any dispositive motions.   This does not mean, however, that this case should proceed to trial.

Under the Prison Litigation Reform Act, 42 U.S.C.A. § 1997e, "The court shall *on its own motion . . .* dismiss any action brought with respect to prison conditions under section 1983 of this

---

[16] Indeed, Plaintiff's Complaint likely would have been dismissed pursuant to preservice screening under the Prison Litigation Reform Act if the Court had not been giving relatively wide latitude to COVID-related claims early in the pandemic.

title . . . if the court is satisfied that the action . . . is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C.A. § 1997e(c)(1). Section 1997e(c) is applicable throughout the life of a case and provides the District Court with the authority to *sua sponte* dismiss at any time during litigation if it becomes apparent that this dismissal provision has been satisfied. *Beenick v. LeFebvre*, 684 F.App'x. 200, 204 (3d Cir. 2017) (unpublished); *see also Williams v. Cox*, 3:20-CV-00070-JTR, 2022 WL 883026, at n. 8, *4 (E.D. Ark. Mar. 24, 2022) (dismissing inmate's case at the summary judgment stage under § 1997e(c)(1) and collecting cases supporting a District Court's ability to do so *sua sponte*).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Based on the summary judgment record before the Court, it is now clear that Plaintiff failed to state a claim upon which relief may be granted as to the *pro se* former ADC employees Gillette and Scott or the current ADC employees Seeley, Warner, and Agular.  Accordingly, the claims against them should be dismissed pursuant to § 1997e(c)(1).

## IV.  CONCLUSION

Accordingly, it is recommended that:

1. Plaintiff's Motion for Summary Judgment Against Defendant Gillette (ECF No. 158) be DENIED.

2. The Wellpath Defendants' Motion for Summary Judgment (ECF No. 162) be GRANTED, and Plaintiff's claims against Defendants Madison Taliaferro, Kelsey Monroe, Bob Anderson, Becky Kinnu, Susan McDonald, James Bassham, Tomyka Rogers and Wellpath, LLC be DISMISSED WITH PREJUDICE.

3. The ADC Defendants' Motion for Summary Judgment (ECF No. ECF No. 165) be GRANTED, and Plaintiff's claims against ADC Defendants Todd Ball, Jimmy Coleman, Maurice Culclager, DeAngelo Earl Graves, Solomon Graves, Rory Griffin, Jerilyn Hosman, Dexter Payne, Markesha Pitts, Marshall Dale Reed, Paula Settles, and Dillon Voss be DISMISSED WITH PREJUDICE.

4. Plaintiff's claims against ADC Defendants Seeley, Warner, Agular, and *pro se* Defendants Gillette and Scott be DISMISSED WITHOUT PREJUDICE pursuant to § 1997e(c)(1).

5. The ADC Defendants' Motion to Dismiss for Lack of Jurisdiction due to Insufficient Service as to Defendant Pitts on May 4, 2022  (ECF No. 147) be DENIED AS MOOT WITHOUT PREJUDICE AS TO REFILING in the event the case is not dismissed.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 30th day of January 2023.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE